

Opinions of the United
States Court of Appeals
for the Third Circuit

6-8-2007

# Bian v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-1951

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Bian v. Atty Gen USA" (2007). *2007 Decisions*. Paper 976.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/976

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

─────

No. 06-1951

─────

YUN BIN BIAN,

Petitioner,

v.

ATTORNEY GENERAL OF THE UNITED STATES,

Respondent.

─────

On Petition for Review of an Order
of the Board of Immigration Appeals
(BIA No. A97-949-507)

Immigration Judge: Daniel Meisner

─────

Submitted pursuant to Third Circuit L.A.R. 34.1(a)
June 5, 2007

Before: SMITH, COWEN, and SILER[*], Circuit Judges.

(Filed: June 8, 2007)

─────

OPINION OF THE COURT

─────

SILER, Circuit Judge.

─────────────

[*] The Honorable Eugene E. Siler, Jr., Senior United States Circuit Judge for the Sixth
Circuit, sitting by designation.

Yun Bin Bian, a native and citizen of China, entered the United States in February 2004 as an arriving alien without a valid passport or immigrant visa. He was denied admission, and the Department of Homeland Security ("DHS") issued him a notice to appear. At his removal hearing, Bian conceded removability, but applied for asylum, withholding of removal, and relief under the Convention Against Torture.[1] An Immigration Judge ("IJ") denied relief, finding that Bian's claim was "totally fabricated and that [he] is simply claiming that he was persecuted in the past, and he fears persecution in the future upon a protected ground in an effort to remain in the United States." The Board of Immigration Appeals ("BIA") affirmed in a *per curiam* opinion in which it upheld the IJ's negative credibility finding. We have jurisdiction under 8 U.S.C. § 1252, and we will deny the petition.

Bian argues that (1) the IJ erroneously concluded that he lacked credibility, and (2) he established both past persecution and a well-founded fear of future persecution. We review an IJ's negative credibility assessment for substantial evidence. *Mulanga v. Ashcroft*, 349 F.3d 123, 131 (3d Cir. 2003). Whether an asylum applicant has demonstrated past persecution or a well-founded fear of future persecution is a factual question, which we also review for substantial evidence. *Id.*

The IJ's conclusion that Bian was not credible is supported by substantial evidence. The record reflects numerous material inconsistent statements provided by Bian under oath.

---

[1]Bian does not challenge the denial of his application for CAT relief. Accordingly, this issue has been waived. *Lie v. Ashcroft*, 396 F.3d 530, 532 n.1 (3d Cir. 2005).

During his airport interview,[2] he stated that he was a driver employed by Fuzhou City Transportation Corporation, that he had never been arrested, and that his girlfriend, with whom he already had one child, was pregnant with a second child. During a subsequent credible fear interview conducted by DHS officials, Bian reaffirmed these facts. However, in his asylum application, he indicated that he had been unemployed[3] from August 1998 to the present date, that he had no children, and that he had been arrested in August 2003 after police disrupted a youth learning class he was hosting.

The most material inconsistency Bian provided is the basis for his asylum claim. During his credible fear interview, he stated that he feared that he would be arrested and forcibly sterilized if he returned to China because Chinese family planning officials discovered his girlfriend's pregnancy, had her arrested, and forced her to have an abortion. In his asylum application, Bian made no mention of forced sterilization, but rather, for the first time, claimed that he feared he would face future persecution on account of his Roman

---

[2]While we are generally hesitant to use airport interview statements in reviewing negative credibility assessments, "where the discrepancies between the airport interview and the alien's testimony go to the heart of the claim, they certainly support an adverse credibility determination." *Chen v. Ashcroft*, 376 F.3d 215, 223-24 (3d Cir. 2004) (internal quotations and citations omitted). Moreover, our use of these statements is not problematic in this case because there is no question as to the reliability of the prior statements, and because Bian "does not challenge the manner in which the immigration official conducted the airport interview." *Id*. at 224.

[3]For the first time during his hearing before the IJ, Bian testified that he lost his job as a driver due to his religious beliefs. The IJ found this testimony incredible because he believed that Bian would have surely included that he had been fired due to religious persecution in his asylum application.

Catholic religion and his involvement in an underground Catholic church.

Bian justified the inconsistent statements by providing a myriad of explanations. With respect to the inconsistency in his reasons for seeking asylum, Bian testified that a smuggler told him to mention only birth control matters when asked why he fled China. He also explained that he gave inconsistent answers to the questions about prior arrests because he believed he would have been sent back to China if he admitted his arrest. However, the IJ reasonably relied on these inconsistencies and lack of credible corroborating evidence[4] in concluding that Bian was not credible and had "simply fabricated his claim." *Chen*, 376 F.3d at 224. This determination is amply supported by substantial evidence.

Because we find that the adverse credibility determination is supported by substantial evidence, we find it unnecessary to address Bian's argument that he established past persecution or a well-founded fear of future persecution. *See Dia v. Ashcroft*, 353 F.3d 228, 247 (3d Cir. 2003) (en banc).

---

[4]Bian did provide some evidence corroborating his claim, but the IJ noted that inconsistencies in this evidence lent further support to his adverse credibility determination. First, Bian produced two letters, apparently from his father, which stated that Bian had ideological differences with the Chinese government with respect to family planning and Falun Gong. The IJ found it odd that Bian had not previously mentioned these ideological differences. Second, Bian produced a letter from the priest of his church which acknowledged that Bian was well-known and active in the Brooklyn church. However, Bian's asylum application listed his residence as Hackensack, New Jersey.